McMILLIN, C.J.,
for the Court:
¶ 1. Richard Bardwell filed a motion for post-conviction relief with the Circuit Court of Attala County on June 9, 1999. In the motion, he sought to withdraw his plea of guilty to the charge of murder entered on September 12, 1984. He based his motion on a claim of ineffective assistance of counsel, a claim that he was coerced into pleading guilty by threats from investigating officers, and a claim that his due process rights were violated because he nor his counsel were present during the preliminary hearing to make a motion to suppress Bardwell’s confession or to make a motion to dismiss all charges for lack of evidence.
¶ 2. The Circuit Court dismissed Bard-well’s motion as being time-barred for not having been filed within three years after entry of the judgment of conviction as required by Section 99-39-5(2). Miss. Code Ann. § 99-39-5(2) (Supp.1999). Bardwell perfected an appeal to this Court from that ruling.
¶ 8. In his initial brief, Bardwell makes no argument as to why the circuit court erred in dismissing the action as untimely. Rather, he confines his argument to the *492 merits of the three substantive issues raised in the motion. The State, in its responsive brief, urges that the circuit court was correct in its ruling on timeliness. Only in his reply brief does Bard-well address the alleged untimeliness of his motion. In that brief, Bardwell seeks to excuse the delay by asserting that he had filed a timely post-conviction relief motion with the Mississippi Supreme Court in 1985, which was dismissed under Seetion 99-89-7 as having been filed in the wrong court. Miss.Code Ann. § 99-39-7 (Rev.1994). He then contends that he made diligent efforts through retained counsel and with the assistance of inmate writ-writers to get his grievances before the proper adjudicatory body without avail until he finally filed his own pro se motion that initiated this proceeding.
¶ 4. Bardwell cites no authority for the proposition that procedurally misguided efforts to file for post-conviction relief, no matter with what diligence they are pursued, can serve to extend the time deadlines imposed by statute to appropriately seek relief. Our own independent research has likewise failed to reveal any such authority. Further, Bardwell fails to make a cogent argument based upon principles of logic that would suggest the propriety of forgiving the time bar applicable to these proceedings on this ground.
¶ 5. That being the case, we are satisfied that the trial court was correct in dismissing Bardwell’s motion for post-conviction relief as being untimely filed.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ„ CONCUR.